## STATE v. ALEXANDER*
(No. 1386; May 17, 1927; 256 P. 76.)

INTOXICATING LIQUORS—EVIDENCE OF SALE—WITNESSES—REPUDIATION OF FORMER STATEMENT.

1. Evidence *held* insufficient to support conviction for possessing and selling intoxicating liquor, where defendant took another, who sold whisky, to place where it was delivered.

2. In prosecution for possessing and selling liquor, statements. of witness in statement previously signed that defendant sold him whisky was not affirmative testimony, where such witness substantially repudiated former statement on witness stand.

*See Headnotes: (1,2) 33 CJ p. 761 n. 53; p. 764 n. 1; 40 Cyc p. 2764 n. 16.

APPEAL from District Court, Converse County; CYRUS O.. BROWN, Judge.

J. D. Alexander was convicted of possession and sale of intoxicating liquor, and he appeals.

*Joseph Garst,* for appellant.

The elements of a sale of intoxicating liquor are defined by 33 C. J. 764; the burden was on the State to establish the defendant's connection with the offense charged; Youngblood v. State, 240 P. 140; 33 C. J. 777; Grantello v. U. S., 3 Fed. (2nd) 117. The mere presence of one, at the time and place of crime, does not make him a principal in the second degree, where he does not aid or abet; 16 C. J. 115, 121. Knowledge on the part of the accused is necessary, but it cannot be inferred from suspicious circumstances; Everman v. Commonwealth, 248 S. W. 485; Mobley v. Commonwealth, 227 S. W. 584. The corpus delicti is the unlawful sale rather that the liquor; State v. Ferrebee, 105 S. E. 345. There must be a transmutation of property, from one to another, in consideration of a price; 33 C. J. 766; 23 R. C. L. 1186. The possession forbidden

must be more than a temporary possession; it has been frequently defined by the courts; 31 Cyc. 924; State v. Shelton, 248 S. W. 980; Ring v. State, 242 S. W. 561; Ward v. State, 243 S. W. 857. There is no proof that appellant knew that Anderson had the liquor in his possession; an illegal sale cannot be based on a mere suspicion; Benoit v. St. Louis, 60 So. 137.

*W. O. Wilson,* Attorney General, and *James A. Greenwood,* Deputy Attorney General, for respondent. (*D. J. Howell* former Attorney General, and *John C. Pickett,* former Assistant Attorney General, on the briefs.)

Defendant was tried upon a charge for selling liquor as identified by the witness, Esmay; State v. Tobin, 31 Wyo. 355. The witness, Esmay, testified that the defendant had nothing to do with the sale, as far as he knew; knowledge and intent are indispensable elements in such cases; 33 C. J. 617; we think the evidence, as shown in this record, is insufficient to sustain a conviction.

*Per Curiam.*

The defendant was charged with the possession and sale of intoxicating liquor in violation of law. From a conviction by a jury, and a judgment thereon, he has appealed.

The Attorney General has substantially confessed error herein. He states his belief in his brief that the evidence in the case was insufficient to warrant a conviction. It was shown that the witness Esmay, in the evening of June 2, 1925, at a dance, asked one Roy Anderson if he, Anderson, could get him some whiskey. Anderson answered in the affirmative, and it was agreed between them, and them alone, that Anderson should take the whiskey to Esmay's shop. Anderson brought the whiskey as he had agreed, and Esmay paid him for it. No connection of the defendant with this transaction, upon which the charge herein is based, was shown, except that it appears that defendant drove Anderson to Esmay's shop in his automobile,

and the whiskey was delivered to Esmay by Anderson in defendant's presence, outside of the shop. The state sought to impeach Esmay, its own and substantially only witness, by having him testify that he had previously signed a statement to the effect that Anderson sold him part and that defendant sold him another part of the whiskey. But the witness substantially repudiated his former statement, and that statement did not subserve the purpose of affirmative testimony in this case. Crago v. State, 28 Wyo. 215, 202 P. 1099. Anderson testified that defendant had nothing to do with the transaction and had no knowledge thereof, and that he had driven him, Anderson, to Esmay's shop purely as an accommodation and upon request. While it is doubtless a suspicious circumstance that defendant drove Anderson to the place where the whiskey was delivered, we concur with the Attorney General in believing that this, without further testimony connecting the defendant with the crime charged, was insufficient to warrant a conviction. The judgment is reversed and the cause remanded for a new trial.

*Reversed and Remanded.*